## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

_____
                                            )
**UNITED STATES OF AMERICA**                )
                                            )
            **v.**                          )          **Criminal Action No. 2014-0052**
                                            )
**JOE DALE LOOMIS,**                        )
                                            )
                    **Defendant.**          )
_____)

**Attorneys:**
**Alphonso G. Andrews, Esq.,**
St. Croix, U.S.V.I.
         *For the Government*

**Omodare B. Jupiter, Esq.,**
St. Croix, U.S.V.I.
         *For Defendant*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant's "Motion to Dismiss Allegations of Supervised Release Violations and Vacate Conviction and Memorandum of Authorities in Support," filed on October 27, 2016 (Dkt. No. 126); the "Government's Response to Defendant's Motion to Dismiss Revocation Proceedings and to Vacate Conviction," filed on November 4, 2016 (Dkt. No. 130); and Defendant's "Reply to Government's Opposition to Motion to Dismiss Allegations of Supervised Release Violations and Vacate Conviction," filed on November 14, 2016 (Dkt. No. 131). Pursuant to an Order entered by the Court November 22, 2016 (Dkt. No. 132), the Government filed its "Sur-reply to Defendant's Reply to Government's Opposition to Motion to Dismiss" on December 5, 2016 (Dkt. No. 135), and Defendant filed his "Response to Government's Sur-reply to Motion to Dismiss Allegations of Supervised Release Violations and

Vacate Conviction" on December 12, 2016 (Dkt. No. 137). For the reasons set forth below, the Court will deny Defendant's Motion.

## I.   BACKGROUND AND EVIDENCE

On August 19, 2014, the Grand Jury returned an indictment charging that "[b]etween on or about October 22, 2013 to on or about August 19, 2014 . . . [Defendant] fail[ed] to register and to update a registration as required by the federal Sex Offender Registration and Notification Act" ("SORNA"). (Dkt. No. 22). Defendant was allegedly subject to SORNA's federal registration requirements due to his earlier conviction under Oregon law on one count of Sodomy in the First Degree and one count of Attempted Sodomy in the First Degree in violation of Or. Rev. Stat. Ann. § 163.405 (*see* Dkt. Nos. 135-1, 136-1), for which he was sentenced on December 27, 1991, in the Circuit Court of Oregon. On April 9, 2015, this Court accepted Defendant's plea of guilty for failing to register as a sex offender in violation of SORNA. (Dkt. No. 73). He was sentenced to 21 months in prison and five years of supervised release. Defendant is currently serving his five-year term of supervised release. (Dkt. No. 78).

In the instant Motion, Defendant asserts that the alleged violation of SORNA for failing to register—to which he pleaded guilty in this Court and for which he is currently serving a term of supervised release—never occurred. Defendant argues that (1) he does not qualify as a sex offender under SORNA or (2) even if he does qualify, he is only a tier I sex offender. (*See* Dkt. No. 126 at 3). Defendant asserts that under either scenario, when he allegedly violated SORNA on St. Croix for failing to register, he was actually under no requirement to register as a sex offender. (*Id.*). The crux of Defendant's argument is that Defendant's prior Oregon conviction is not a sex offense under SORNA. (*See id.* at 7-11). Accordingly, Defendant urges that "the Court must find that there is no jurisdiction. . . . [and] dismiss the pending alleged violation of supervised release, release him from detention and vacate his conviction in this matter." (*Id.* at 13).

2

In its Sur-reply, the Government attacks the merits of Defendant's Motion by arguing that he is either a tier II or a tier III sex offender and, therefore, is subject to SORNA's registration requirements. (Dkt. No. 135 at 6).[1] The Government further asserts that Defendant's prior conviction does not fall within SORNA's exception for consensual sexual conduct. (*Id.* at 10). Accordingly, the Government argues that the relief that Defendant seeks should be denied.

## II.   APPLICABLE LEGAL STANDARDS

In order to violate the registration requirement of 18 U.S.C. § 2250, one must be "a sex offender as defined for the purposes of [SORNA]." 18 U.S.C. § 2250(a)(2)(A). "[A]n individual who was convicted of a sex offense" is a sex offender. 42 U.S.C. § 16911(1). Subject to certain exceptions, SORNA defines "sex offense" in pertinent part as "(i) a criminal offense that has an element involving a sexual act or sexual contact with another; [or] (ii) a criminal offense that is a specified offense against a minor." § 16911(5)(A). While SORNA contains a relatively broad definition of "sex offense," it also contains the following exception for certain types of consensual sexual conduct:

> An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

---

[1] The Government also attacks Defendant's Motion on procedural grounds. Specifically, in its "Response to Defendant's Motion to Dismiss Revocation Proceedings and to Vacate Conviction," the Government argues that Defendant's Motion is "a camouflaged [28 U.S.C. §] 2255 motion," and is subject to the one-year statute of limitations set forth in § 2555(f). (Dkt. No. 130 at 5, 9). The Government asserts that this one-year period expired on July 28, 2016—approximately three months before Defendant filed the instant Motion. (*Id.* at 6). Because the Court determines that Defendant's Motion fails on the merits, it declines to reach the Government's argument that the Motion is procedurally barred.

§ 16911(5)(C).[2]

A sex offender's requirement to register under SORNA lasts for varying amounts of time depending on whether the sex offender is categorized as tier I, tier II, or tier III. 42 U.S.C. § 16915(a). Specifically, a tier I sex offender's registration period is 15 years, a tier II sex offender's registration period is 25 years, and a tier III sex offender's registration period is for life. *Id.* Thus, to determine when a sex offender's registration requirement is completed, courts must first identify the sex offender's proper tier classification. Under SORNA, a sex offender's tier classification is determined by comparing the offender's sex offense to statutory criteria set forth in § 16911(2), (3), and (4). For example, a sex offender whose offense is punishable by imprisonment for more than one year and "is comparable to or more severe than . . . (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); or (ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years" is a tier III sex offender. § 16911(4)(A).[3] A tier II classification is triggered, for example, when a sex offender's offense is punishable by imprisonment for more than one year and:

> (A) is comparable to or more severe than the following offenses, when committed against a minor, or an attempt or conspiracy to commit such an offense against a minor: (i) sex trafficking (as described in section 1591 of Title 18); (ii) coercion and enticement (as described in section 2422(b) of Title 18); (iii) transportation with intent to engage in criminal sexual activity (as described in section 2423(a) of Title 18; (iv) abusive sexual contact (as described in section 2244 of Title 18); [or] (B) involves (i) use of a minor in a sexual performance; (ii) solicitation of a minor to practice prostitution; or (iii) production or distribution of child pornography.

---

[2] Under SORNA, certain foreign convictions are also not included in the definition of "sex offense." § 16911(5)(B). Defendant does not assert that this exception is applicable here.

[3] This is not an exhaustive list of the statutory criteria that triggers a tier III classification.

4

§ 16911(3).[4] Finally, the tier I classification is triggered for any "sex offender other than a tier II or tier III sex offender." § 16911(2).

Thus, whether an individual's prior conviction constitutes a "sex offense" under SORNA—and, if so, the tier classification that the prior conviction triggers—is determined by comparing the individual's prior conviction and certain federal statutory criteria. To make such comparisons, courts employ the categorical approach, the modified categorical approach, or the circumstance-specific approach. *See, e.g.*, *United States v. White*, 782 F.3d 1118, 1130 (10th Cir. 2015); *United States v. Bango*, 386 Fed. App'x 50, 53-54 (3d Cir. 2010).

Courts employ the categorical approach where the relevant provision in SORNA requires a comparison between SORNA's statutory criteria and the prior conviction's statutory elements. *See White*, 782 F.3d at 1131. If the statute underlying the prior conviction "sweeps more broadly" than SORNA's statutory criteria, the prior conviction cannot be a predicate for a sex offense under SORNA or any related tier classification. This is so even if the individual's actual conduct giving rise to the prior conviction would satisfy SORNA's statutory criteria. *See United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014) (discussing the categorical approach in the context of whether a particular crime constitutes a "crime of violence" for purpose of the career offender sentencing enhancement) (citing *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)). This is because under the categorical approach, courts look only to the elements of the statute of conviction and not the facts underlying the conviction. *See id.*

Where the statute underlying the prior conviction is "divisible," in that it "comprises multiple, alternative versions of the crime," courts may look to a limited class of documents such

---

[4] The tier II classification is also triggered if the sex offense "occurs after the offender becomes a tier I sex offender." § 16911(3)(C).

as the charging paper "to determine which version of the offense was the basis of conviction." *Id.* (quoting *Descamps*, 133 S. Ct. at 2284) (quotations omitted). This is known as the modified categorical approach. The modified categorical approach "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *United States v. Henderson*, 841 F.3d 623, 627 (3d Cir. 2016) (quoting *Descamps*, 133 S. Ct. at 2285) (quotations omitted).

Courts employ the circumstance-specific approach where the relevant provision in SORNA requires a comparison between SORNA's statutory criteria and the individual's specific conduct that gave rise to the prior conviction. *White*, 782 F.3d at 1130. Unlike the categorical approach or modified categorical approach, "courts using a circumstance-specific approach may look beyond the elements of the prior offense and consider 'the facts and circumstances underlying an offender's conviction.'" *Id.* at 1131 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 34 (2009)). For example, while the categorical approach would require a court to analyze the elements of a state's rape statute, the circumstance-specific approach would require the court to analyze the specific acts the offender committed that gave rise to the prior rape conviction. *See generally Nijhawan*, 557 U.S. at 34 (comparing the categorical approach and the circumstance-specific approach when determining whether a prior conviction constitutes an aggravated felony and, therefore, is a deportable offense).

### III.   DISCUSSION

As noted above, Defendant argues (1) that he is not a sex offender for purposes of SORNA and (2) even if he is a sex offender, he is only a tier I sex offender. The Court will examine each argument in turn.

A.      **Sex Offender Status**

Defendant argues that under the categorical approach, his prior conviction cannot constitute a "sex offense" under SORNA because O.R.S. § 163.405 (the Oregon statute underlying his conviction of sodomy in the first degree) sweeps more broadly than SORNA's definition of "sex offense." (Dkt. No. 126 at 10-11). In particular, Defendant asserts that O.R.S. § 163.405 criminalizes conduct that falls within SORNA's exception for consensual sexual conduct. (*Id.*). The Court does not agree that the categorical approach applies under the circumstances here.

The Oregon statute underlying Defendant's prior conviction states in pertinent part:

(1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:
    (a) The victim is subjected to forcible compulsion by the actor;
    (b) The victim is under 12 years of age;
    (c) The victim is under 16 years of age and is the actor's brother or sister, of the whole or half blood, the son or daughter of the actor or the son or daughter of the actor's spouse; or
    (d) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness.

O.R.S. § 163.405. In pertinent part, SORNA excepts from the definition of "sex offense" "consensual sexual conduct . . . if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." § 16911(5)(C). At bottom, Defendant's argument is that because O.R.S. § 163.405(1)(c) (which generally prohibits deviant sexual conduct between a victim who is younger than 16 and his or her immediate family members) criminalizes conduct that does not constitute a sex offense under SORNA, a conviction under O.R.S. § 163.405 cannot constitute a sex offense under the categorical approach. Specifically, Defendant maintains that "[b]ecause a 13, 14 or 15 year old could [legally] consent to 'deviant sexual conduct' with a half sibling who was less than 4 years older than her under the SORNA definition but such conduct would be criminalized under the Oregon sodomy statute, [Defendant] is not a 'sex offender' who

7

must register subject to SORNA." (Dkt. No. 126 at 11). However, because the Court concludes that the categorical approach does not apply to the consensual sexual conduct exception in SORNA, Defendant's argument lacks merit and will be rejected.

### 1.    The circumstance-specific approach

Defendant's argument is that his prior conviction does not constitute a sex offense under SORNA because certain portions of the statute underlying his prior conviction prohibit conduct that falls within SORNA's consensual sexual conduct exception. This argument is unavailing because—as set forth below—the Court concludes that the circumstance-specific approach, rather than the categorical approach, applies to SORNA's consensual sexual conduct exception.

Neither party has cited any Third Circuit decisions on the issue of whether the categorical approach is applicable to SORNA's consensual sexual conduct exception. While the Court has not found any Third Circuit decision expressly analyzing this issue, the Court finds the case of *United States v. Brown*, 740 F.3d 145 (3d Cir. 2014) to be instructive.

In *Brown*, the Third Circuit analyzed the meaning of the phrase "not more than 4 years older than the victim" in SORNA's consensual sexual conduct exception. *Id.* at 149. The defendant in *Brown* was charged in 2011 for failing to register under SORNA based on a 2003 conviction. *Id.* at 147. The district court dismissed the 2011 indictment because it found that the defendant's prior conviction fell within SORNA's consensual sexual conduct exception, notwithstanding that the defendant was technically four years and four months older than the victim. *Id.* at 147-48. The district court reasoned that the consensual sexual conduct exception applied because, at the time of the offense, the victim was 13 years old, the defendant was 17 years old, and the conduct was consensual. *Id.* On appeal, the Third Circuit held that the defendant's prior conviction did not fall within the consensual sexual conduct exception and vacated the district court's ruling. *Id.* at 151.

The Third Circuit reasoned that four years meant 48 months and, therefore, the exception was inapplicable since the defendant was 52 months older than the victim. *Id.* at 149-50.

Although never expressly identifying whether the categorical, modified categorical, or circumstance-specific approach applied, the Third Circuit's analysis in *Brown* is consistent with a circumstance-specific approach. Notably, the Third Circuit never analyzes—or even identifies— the statutory elements of the defendant's prior conviction. Rather, the analysis turns on the specific factual circumstances that gave rise to the prior conviction—specifically, the exact age of the defendant and the exact age of the victim. *Id.* at 151. The Third Circuit's analysis suggests that when determining whether the consensual sexual conduct exception applies, courts should employ a circumstance-specific approach.

This reading of *Brown* is consistent with decisions from two other Circuits that have expressly analyzed and held that the circumstance-specific approach governs in determining the applicability of the consensual sexual conduct exception. In the first case, *United States v. Gonzalez-Medina*, 757 F.3d 425 (5th Cir. 2014), the Fifth Circuit rejected the defendant's contention that courts must apply a categorical approach to determining whether the "not more than 4 years" age differential in the consensual sexual conduct exception applies. *Id.* at 432. In so holding, the Fifth Circuit found that "the language, structure, and broad purpose of SORNA all indicate that Congress intended a non-categorical approach to the age-differential determination in [the consensual sexual conduct exception]." *Id.* As to SORNA's language, the Fifth Circuit noted that while the base definitions of "sex offense," calls for a categorical approach because it is defined as "a criminal offense that has an *element* involving a sexual act or sexual contact with another," the consensual sexual conduct exception in § 16911(5)(C) contains no reference to the "elements" of the prior conviction but instead "define[s] the exception in terms of the 'conduct'

'involved' in the 'offense.'" *Id.* at 430. The Fifth Circuit reasoned that the "reference to conduct, rather than elements, is consistent with a circumstance-specific analysis." *Id.*

Regarding SORNA's structure, the Fifth Circuit observed that another exception to the term "sex offense" found at § 16911(5)(B) involving foreign convictions "requires an inquiry into facts outside of the statute of conviction and into the circumstances of the country in which the conviction took place." *Id.* According to the Fifth Circuit: "that Congress intended courts to look beyond the statute of conviction for the (5)(B) exception is evidence that Congress may have intended courts to look beyond the statute of conviction for the (5)(C) age-differential exception as well." *Id.* at 430-31. Finally, the Fifth Circuit stated that "SORNA's language confirms 'that Congress cast a wide net to ensnare as many offenses against children as possible.'" *Id.* at 431 (quoting *United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) (en banc)). "Application of the categorical approach to the [consensual sexual conduct exception] age-differential determination would frustrate SORNA's broad purpose and restrict SORNA's reach." *Id.* Accordingly, the Fifth Circuit held that a circumstance-specific approach was the proper method for analyzing the applicability of SORNA's consensual sexual conduct exception. *Id.* at 432.

In the second case, *United States v. Rogers*, 804 F.3d 1233 (7th Cir. 2015), the Seventh Circuit also rejected the defendant's argument that the categorical approach applies to the consensual sexual conduct exception. *Id.* at 1236-37. The Seventh Circuit cited the Fifth Circuit's analysis in *Gonzalez-Medina* with approval and analyzed § 16911(5)(C) as follows:

> The exception [in § 16911(5)(C)] uses fact-specific language, strongly suggesting that a conduct-based inquiry applies. First, the exception applies to an "offense *involving* consensual sexual conduct." § 16911(5)(C) (emphasis added). The word "involving" implies a noncategorical, fact-based inquiry. Second, and even more tellingly, the exception contains a string of fact-based qualifiers: "*if* the victim was an adult," "*unless* the adult *was under* the custodial authority of the offender *at the time* of the offense," "*if* the victim was at least 13 years old and *the offender was not* more than 4 years older than the victim." *Id.* (emphases added). This language

> doesn't refer to elements of the offense; it refers to specific facts of the offense. The categorical approach does not apply to the exception.

*Id.* at 1237.

Based on the Third Circuit decision in *Brown*, and the reasoning of the Fifth and Seventh Circuits as set forth in *Gonzalez-Medina* and *Rogers*, the Court concludes that, although the definition of "sex offense" in § 16911(5)(A)(i) requires a categorical approach, a circumstance-specific approach should be employed for the consensual sexual conduct exception in § 16911(5)(C). The Court therefore rejects Defendant's arguments to the contrary.[5]

Applying the circumstance-specific approach to the current facts, Defendant's argument that his prior conviction falls within SORNA's consensual sexual conduct exception fails.[6] The

---

[5] In both his Motion and his Response to the Government's Sur-reply, Defendant offers no analysis of either the text of § 16911(5)(C) or the structure or purpose of SORNA in support of his argument that courts must apply the categorical approach to the consensual sexual conduct exception. The only case Defendant cites in support of his position is *United States v. Alexander*, 802 F.3d 1134 (10th Cir. 2015). In *Alexander*, the Tenth Circuit rejected the defendant's argument that the statute underlying his prior conviction criminalized consensual sexual conduct and thus was broader than the exception in § 16911(5)(C). *Id.* at 1139, 1141. In affirming the district court, the Tenth Circuit—without discussion—applied the categorical approach, but nonetheless held that the defendant's argument failed because the statute underlying his prior conviction did not criminalize consensual sexual activity for the purposes of SORNA. *Id.* at 1138-39. Because the Tenth Circuit in *Alexander* did not analyze whether the categorical approach was required for § 16911(5)(C), any persuasive value Defendant can derive from *Alexander* is easily outweighed by *Brown*, *Gonzalez-Medina*, and *Rogers*.

[6] Except for the consensual sexual conduct exception, Defendant raises no argument that his prior offense does not fall within SORNA's base definition of "sex offense." Indeed, any such argument would be futile as even under the categorical approach Defendant's prior offense of sodomy in the first degree constitutes a sex offense under SORNA. As noted above, the base definition of sex offense includes, *inter alia*, "a criminal offense that has an element involving a sexual act or sexual contact with another." § 16911(5)(A)(i). One of the elements of sodomy in the first degree, which is a Class A felony in Oregon, is to engage in or cause another to engage in "deviate sexual intercourse." O.R.S. § 163.405. The term "deviate sexual intercourse" means "sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another." O.R.S. § 163.305. Thus, under SORNA's base definition, sodomy in the first degree is categorically a sex offense because it is a criminal offense that has an element involving a sexual act or sexual contact with another.

exception is applicable only if the victim was an adult, or "if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." § 16911(5)(C). As noted by the Government in its Sur-reply, the Presentence Investigation Report prepared in connection with the 2014 Indictment reports that the victim in Defendant's prior offense was six years old at the time of the offense. (Dkt. No. 135 at 10). Moreover, in connection with its Sur-reply, the Government filed the 1991 Oregon Indictment underlying Defendant's prior conviction. (Dkt. No. 136-1). In relevant part, the 1991 Oregon Indictment charges that "defendant . . . did unlawfully and knowingly engage in deviate sexual intercourse with [John Doe], a child under the age of twelve years." (*Id.* at 1). Defendant makes no attempt to contest the Government's factual assertions. Accordingly, the Court finds that the victim in Defendant's prior offense was younger than 13 years old. Thus, under the circumstance-specific approach, Defendant's prior conviction does not fall within SORNA's consensual sexual conduct exception, and Defendant's prior conviction constitutes a sex offense under SORNA.

### 2.    The modified categorical approach

Even if the Court were to apply a categorical approach to SORNA's consensual sexual conduct exception, the exception is still inapplicable and Defendant would still be a sex offender under SORNA.

As explained above, under the categorical approach, if the statute underlying the prior conviction is "divisible," then courts apply the modified categorical approach. *Brown*, 765 F.3d at 189. Under the modified categorical approach, courts may look to a limited class of documents such as the charging paper "to determine which version of the offense was the basis of conviction." *Id.* "[A] statute is 'divisible' when it 'list[s] potential offense elements in the alternative.'" *Id.* at 190 (quoting *Descamps*, 133 S. Ct. at 2283).

12

Here, the Court concludes that the Oregon statute underlying Defendant's conviction for sodomy in the first degree is divisible. The first element of sodomy in the first degree is that a person engages in or causes another to engage in deviate sexual intercourse. O.R.S. § 163.405(1). The remaining elements are found in four alternative versions (O.R.S. § 163.405(1)(a) through O.R.S. § 163.405(1)(d)), which are listed disjunctively. For example, O.R.S. § 163.405 is violated if one engages in deviate sexual intercourse with another person and "[t]he victim is subjected to forcible compulsion by the actor." O.R.S. § 163.405(1)(a). Alternatively, the statute is also violated if one engages in deviate sexual intercourse with another person and "[t]he victim is under 12 years of age." O.R.S. § 163.405(1)(b). Thus, "forcible compulsion" is an element of O.R.S. § 163.405(1)(a), but a victim under the age of 12 is not. *See Henderson*, 841 F.3d at 628 ("[e]lements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction") (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016)) (quotations omitted). Conversely, a victim under the age of 12 is an element of O.R.S. § 163.405(1)(b), but forcible compulsion is not. Because O.R.S. § 163.405 "'list[s] multiple, alternative elements' that must be proven to secure a conviction for violating the statute," the Court concludes that it is divisible. *Id.* at 627 (quoting *Descamps*, 133 S. Ct. at 2285).[7]

---

[7] The Supreme Court in *Mathis* reiterated that courts may use the modified categorical approach where "[a] single statute . . . list[s] elements in the alternative, and thereby define[s] multiple crimes" but may not use the modified categorical approach where the statute simply "enumerates various factual means of committing a single element." 136 S. Ct. at 2249. The Supreme Court gave the example of a robbery statute that prohibits "'the lawful entry or the unlawful entry' of a premises with intent to steal" as an example of a divisible statute that lists elements in the alternative and for which, therefore, the modified categorical approach is appropriate. *Id.* Conversely, "a statute that requires use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify" does not list alternative elements but, rather, lists alternative factual means of accomplishing an element. *Id.* Accordingly, the modified categorical approach would not be appropriate for such a statute. As summarized by the Third Circuit in *Henderson*, the Supreme Court in *Mathis* outlined the following three methods for determining whether a statute lists multiple elements or simply

Since O.R.S. § 163.405 is divisible into multiple different versions, the Court must "determine which version of the offense was the basis of conviction." *Brown*, 765 F.3d at 189. Count I of the 1991 Oregon Indictment charges the following: "The defendant, between December 1, 1990 and May 31, 1991, in the County of Lincoln and State of Oregon, did unlawfully and knowingly engage in deviate sexual intercourse with [John Doe], a child under the age of twelve years." (Dkt. No. 136-1 at 1). From the Oregon Indictment, the Court finds that Defendant's prior conviction was premised on O.R.S. § 163.405(1)(b), which is violated if one engages in deviate sexual intercourse with another person and "[t]he victim is under 12 years of age." O.R.S. § 163.405(1)(b). There is no indication that Count I is based on any of the other subsections of O.R.S. § 163.405, which alternatively require that the victim be subject to forcible compulsion, O.R.S. § 163.405(1)(a); that the victim is under 16 years of age and the actor is a family member, O.R.S. § 163.405(1)(c); or that the victim is mentally or physically incapable of consent, O.R.S. § 163.405(1)(d).

Under the modified categorical approach, the Court concludes that O.R.S. § 163.405(1)(b) does not sweep more broadly than SORNA's definition of sex offense, including the consensual sexual conduct exception. For this exception to be applicable, the victim must be an adult or "at least 13 years old." § 16911(5)(C). However, the elements of O.R.S. § 163.405(1)(b) cannot be met if the victim is 12 years of age or older. Thus, any violation of O.R.S. § 163.405(1)(b)

---

multiple means of accomplishing an element: "First, the sentencing court should ascertain whether 'a state court decision definitively answers the question....' Second, the District Judge may look to 'the statute on its face,' which 'may resolve the issue.' Finally, explained the [Supreme] Court, 'if state law fails to provide clear answers,' sentencing courts may look to 'the record of a prior conviction itself.'" 841 F.3d at 628 (quoting *Mathis*, 136 S. Ct. at 2256) (internal citations omitted).

As detailed above, the Court concludes here that the face of the Oregon statute underlying Defendant's conviction for sodomy makes clear that it contains multiple elements as opposed to multiple means of accomplishing an element.

categorically will fall outside of SORNA's consensual sexual conduct exception. Accordingly, under the modified categorical approach, Defendant's prior conviction for sodomy in the first degree constitutes a sex offense under SORNA.

### B.      Tier Classification

Defendant argues in the alternative that, even if he is a sex offender under SORNA, he is only a tier I sex offender whose registration requirement expired before he arrived on St. Croix. Defendant asserts that "[w]hile he was found to be a tier II offender [in the Presentence Investigation Report,]" under a categorical approach he is actually a tier I offender and his registration requirement under SORNA terminated after July 16, 2009. (Dkt. No. 126 at 12-13).

As discussed above, a sex offender's tier classification is determined by comparing the sex offense to the statutory criteria set forth in § 16911(2), (3), and (4). Focusing on the statutory criteria for tier II offenders (§ 16911(3)), Defendant asserts that his prior offense does not meet the criteria in § 16911(3)(A)(iv) (*i.e.* "abusive sexual contact (as described in section 2244 of Title 18)") because the Oregon statute underlying his prior conviction "encompasses sexual conduct between 13, 14, and 15 year old siblings." (*Id.* at 12). Defendant further asserts that the rest of the criteria in § 16911(3) is similarly not comparable to his prior conviction and therefore does not trigger a tier II classification. (*Id.*).

The Government does not contest Defendant's assertion that the categorical approach is used to determine a sex offender's tier classification. (Dkt. No. 135 at 11). However, the Government argues that, because the statute underlying Defendant's prior conviction is divisible, the Court must use the modified categorical approach. (*Id.* at 12). Under this approach, the Government asserts, Defendant is either a tier II or tier III sex offender. (*Id.* at 12-13).

The parties agree that the Court should employ the categorical approach. (*See* Dkt. No. 126 at 11; Dkt. No. 135 at 11).[8] For the reasons discussed above, the Court finds that the statute underlying Defendant's prior conviction is divisible and that O.R.S. § 163.405(1)(b) is the basis of Defendant's prior offense. A violation of O.R.S. § 163.405(1)(b) requires, *inter alia*, that the victim of deviate sexual intercourse be under 12 years of age. Under the modified categorical approach, the Court finds that a violation of O.R.S. § 163.405(1)(b) constitutes at least a tier II sex offense.

A tier II classification is triggered, *inter alia*, when a sex offense is punishable by imprisonment for more than one year and "is comparable to or more severe than . . . abusive sexual contact (as described in section 2244 of Title 18)." § 16911(3)(A)(iv). In relevant part, "abusive sexual contact" occurs when one "knowingly engages in a sexual act with another person who has not attained the age of 12 years." 18 U.S.C. §§ 2241(c), 2244(a)(5). The term "sexual act" in this context means, *inter alia*, "(A) contact between the penis and the vulva or the penis and the anus . . . (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object . . . (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years . . . ." 18 U.S.C. § 2246(2).

Defendant's prior conviction of O.R.S. § 163.405(1)(b) triggers a tier II classification because it is a sex offense punishable by imprisonment for more than one year and is "comparable

---

[8] The propriety of applying the categorical approach to determine a sex offender's tier classification is well supported by case law. *See, e.g.*, *United States v. Berry*, 814 F.3d 192, 197 (4th Cir. 2016) ("Congress intended courts to apply a categorical approach to sex offender tier classifications" (quoting *White*, 782 F.3d at 1135)) (quotations omitted); *White*, 782 F.3d at 1135 (same); *Bango*, 386 Fed. App'x at 53-54 (applying the categorical approach to determine the defendant's tier classification under SORNA for sentencing purposes).

to or more severe than" the federal crime of abusive sexual contact. § 16911(3)(A)(iv).[9] A violation of O.R.S. § 163.405(1)(b), requires that one engage in or cause another to engage in "deviate sexual intercourse" and that the victim is under 12 years of age. The term "deviate sexual intercourse" means "sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another." O.R.S. § 163.305. Thus, a violation of O.R.S. § 163.405(1)(b) is comparable to or more severe than abusive sexual contact, which is committed when one knowingly engages in a "sexual act" with one who is under 12 years of age where "sexual act" includes contact between the penis and anus, penis and mouth, or vulva and mouth. 18 U.S.C. §§ 2244(a)(5), 2241(c), 2246(2).[10]

In reaching this conclusion, the Court finds the reasoning in *United States v. Forster*, 549 Fed. App'x 757 (10th Cir. 2013) to be persuasive. In *Forster*, the Tenth Circuit in an unpublished decision rejected the defendant's argument that his prior sex offense was improperly categorized as a tier III offense. *Id.* at 766-67. The Ohio statute underlying the defendant's prior sex offense "provides in pertinent part that '[n]o person shall have sexual contact with another . . . when . . . [t]he other person . . . is less than thirteen years of age. . . .'" *Id.* at 768 (quoting Ohio Rev. Code Ann. § 2907.05(A)(4)). In the context of the Ohio statute, "sexual contact" is "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is female, a breast, for the purpose of sexually arousing or gratifying either

---

[9] Sodomy in the first degree is a Class A felony, which is punishable by a maximum term of imprisonment of 20 years. O.R.S. §§ 161.605(1), 163.405(2).

[10] Because O.R.S. § 163.405(1)(b)—as opposed to O.R.S. § 163.405(1)(c)—does not prohibit "consensual sexual conduct between 13, 14, and 15 year old siblings," the Court rejects Defendant's argument that the statute underlying his offense of conviction is not comparable to the federal offense of "abusive sexual contact" for purposes of categorizing Defendant's sex offender tier. (Dkt. No. 126 at 12).

person." *Id.* (quoting Ohio Rev. Code Ann. § 2907.01(B)) (emphasis removed; quotations omitted). Applying the categorical approach, the Tenth Circuit compared the elements of the Ohio statute to those of abusive sexual contact as described in 18 U.S.C. § 2244 and determined that the Ohio statute was comparable to or more severe than the federal offense of abusive sexual contact:

> For purposes of the comparability analysis, it is especially noteworthy that (by cross-reference) § 2244 proscribes "knowingly engag[ing]" in sexual contact "with another person who has not attained the age of 12 years," *id.* § 2241(c). Just viewing this provision alone, one might reasonably conclude that the Ohio statute at issue—which forbids a person from having "sexual contact with another . . . when . . . [t]he other person . . . is less than thirteen years of age," Ohio Rev. Code Ann. § 2907.05(A)(4)—is comparable to § 2244.

*Id.* at 769. In holding that the defendant's prior offense triggered a tier III classification, the Tenth Circuit noted that "SORNA's tier regime only demands that the statutes be 'comparable,' not that they be identical." *Id.*

Here, the Oregon statute of sodomy in the first degree is "more severe" than the Ohio statute that the Tenth Circuit in *Forster* found to be a tier III sex offense. Whereas the Ohio statute prohibits sexual contact with one younger than 13, Ohio Rev. Code Ann. § 2907.05(A)(4), the Oregon statute prohibits "deviate sexual intercourse" with one younger than 12, O.R.S. § 163.405(1)(b). Similar to the Tenth Circuit's determination in *Forster*, the Court finds that under the modified categorical approach, Defendant's prior conviction of O.R.S. § 163.405(1)(b) is comparable to or more severe than the crime of abusive sexual contact as described in 18 U.S.C. § 2244. Thus, Defendant is at least a tier II sex offender, and Defendant's argument that he was under no requirement to register under SORNA during the period charged in the 2014 Indictment fails. *See* 18 U.S.C. § 16911(3)(A)(iv).[11] Defendant concedes in his Motion that "[i]f he is a tier II

---

[11] For the purposes of denying Defendant's instant Motion, the Court finds that Defendant is at least a tier II sex offender because his prior conviction of sodomy in the first degree "is comparable to or more severe than . . . abusive sexual contact (as described in section 2244 of Title 18)." 18

offender, the period [that he must register under SORNA] expires on July 16, 2019." (Dkt. No. 126 at 12).[12]

## IV.   CONCLUSION

For the foregoing reasons, the Court rejects Defendant's argument that he is not a sex offender under SORNA or that he is only a tier I sex offender. Accordingly, the Court will deny in its entirety Defendant's "Motion to Dismiss Allegations of Supervised Release Violations and Vacate Conviction and Memorandum of Authorities in Support," including his request for a hearing regarding the same. (Dkt. No. 126). An appropriate Order accompanies this Memorandum Opinion.

Date:  March 14, 2017                                   _____/s/_____
                                                        WILMA A. LEWIS
                                                        Chief Judge

---

U.S.C. § 16911(3)(A)(iv). However, for the same reasons recounted above, Defendant's prior conviction likely constitutes a tier III sex offense in that it is comparable to or more severe than "abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years." § 16911(4)(A)(ii).

[12] Defendant also asserts that the Court lacks jurisdiction to determine whether Defendant violated the conditions of his supervised release. (Dkt. No. 137 at 4-5). Defendant argues that "[t]his Court has no jurisdiction to revoke [Defendant's] supervised release term when the alleged supervised release violation occurred during an illegal period of supervision." (*Id.* at 4). Defendant's argument that the Court lacks jurisdiction is premised on his assertion that he is not a sex offender or is only a tier I sex offender. Because the Court has found otherwise, the Court rejects Defendant's jurisdictional challenge.